IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. 08-0332-SOM-01 |
| | ) | |
| Plaintiff, | ) | ORDER REDUCING SENTENCE |
| | ) | OF DEFENDANT DONALD |
| vs. | ) | DEMPSEY PURSUANT TO |
| | ) | AMENDMENT 782 |
| DONALD DEMPSEY,          (01) | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**ORDER REDUCING SENTENCE OF DEFENDANT
DONALD DEMPSEY PURSUANT TO AMENDMENT 782**

Defendant Donald Dempsey has moved for a reduction of his

sentence pursuant to Amendment 782, which lowers the advisory sentencing

guideline range in certain drug cases by two levels.[1]  He pled guilty to having

conspired to distribute or possess with intent to distribute 50 grams or more of

methamphetamine.  He was sentenced in 2009 to 180 months in custody, which

---

[1]  Dempsey's submission on this motion consists of a boilerplate pro se memorandum.  After entering an appearance, the Federal Public Defender opted to stand on that pro se submission, declining the invitation to supplement that memorandum or to file an optional reply memorandum.  For its part, the United States filed a detailed opposition, although it inexplicably missed deadlines of May 9 and May 18, 2016.

was a variance from his guideline range of 210 to 262 months.  His total offense

level was 35, and he was in Criminal History Category III.  The variance was not

the result of a substantial assistance motion.

Dempsey seeks a reduction of his sentence to 142 months.  It is not

clear to this court what the legal basis is for that particular number.  It does appear

that Dempsey thinks his Total Offense Level was 29.  That was the Total Offense

Level calculated in Dempsey's Presentence Investigation Report.  However, the

United States challenged that calculation, and the court, after receiving live

testimony from Dennis Tadio, recalculated the guideline range, as reflected in the

Statement of Reasons attached as Exhibit B to the United States' memorandum

filed on May 19, 2016, in opposition to Dempsey's present motion.  The court has

confirmed (by reviewing the court reporter's rough transcript) that, during the

portion of the sentencing proceedings that occurred on September 16, 2009, this

court agreed with the United States that the Presentence Investigation Report

should be amended and then set the Total Offense Level at Level 35.  While this

court adopted the Presentence Investigation Report, it did so to the extent it was

orally amended.  Indeed, if the Total Offense Level had ultimately been left as

Level 29, Dempsey's guideline range would have been 120 months (the statutory

mandatory minimum) to 135 months.  His sentence of 180 months would then

have been an upward departure, but nothing in the record suggests that an upward departure was even suggested by the United States or the court.

While Dempsey's motion asks this court to apply Amendment 782 and to reduce his sentence, the motion does not explain how Dempsey thinks the court should recalculate his guideline range. Even if his Total Offense Level had been Level 29 and the court reduced that to Total Offense Level 27, Dempsey's proposed sentence of 142 months would not fall within the guideline range. The range for Level 27 would be the mandatory minimum of 120 months, without which the range would be 87 to 108 months.

Any reduction must start at Total Offense Level 35. A reduction of two levels to Total Offense Level 33 would yield a range of 168 to 210 months. Dempsey's sentence is already below the midpoint of that range.

Under section 1B1.10 of the sentencing guidelines, a sentence affected by a retroactively applicable guideline amendment may not be reduced below the newly calculated guideline range unless the original sentence reflected a reduction based on substantial assistance. Thus, Dempsey may not be sentenced to anything less than 168 months.

This court originally varied downward to a sentence that fell within the guideline range applicable to Total Offense Level 33 and Criminal History Category III (168 to 210 months). The effect of Amendment 782 on this case is to

make the range that the court had varied downward to the applicable range even without a variance. The most this court can do is reduce Dempsey's sentence to the low end of the newly applicable guideline range. Having varied downward originally, this court concludes that, in fairness, it should sentence at the low end of the new range. Dempsey's sentence is reduced to 168 months.

IT IS APPROVED AND SO ORDERED.

DATED: Honolulu, Hawaii, June 22, 2016.



 /s/ Susan Oki Mollway
Susan Oki Mollway
United States District Judge

United States v. Donald Dempsey; Cr. No. 08-0332-SOM-01, ORDER REDUCING SENTENCE OF DEFENDANT DONALD DEMPSEY PURSUANT TO AMENDMENT 782